1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   RICHARD SNYDER,                    )  CASE NO. CV 12-4570-PJW
                                        )
11                 Petitioner,          )
                                        )  MEMORANDUM OPINION AND ORDER
12          v.                          )  DISMISSING PETITION AND DENYING
                                        )  CERTIFICATE OF APPEALABILITY
13   D. LONG, WARDEN,                   )
                                        )
14                 Respondent.          )
     _____)

15

16        Before the Court is a Petition for Writ of Habeas Corpus in which

17   Petitioner claims that the trial court violated his right to counsel

18   of choice when it denied his motion for a continuance to allow him

19   time to hire private counsel.  For the following reasons, the Court

20   concludes that the state supreme court's conclusion that the trial

21   court did not violate Petitioner's right to counsel was not contrary

22   to clearly established United States Supreme Court precedent.  As such

23   the Petition is DENIED.

24                                      I.

25                           SUMMARY OF PROCEEDINGS

26        1.   State Court Proceedings

27        On May 4, 2009, Petitioner was arrested in West Covina in

28   connection with the burglary of a home.  (Clerk's Transcript ("CT")

24-25, 56.)  He was appointed counsel, a deputy public defender.  On May 18, 2009, he appeared for a preliminary hearing and was ordered held over for trial.  (CT 1-21.)  Trial was set for June 29, 2009. (CT 28.)  On June 25, 2009, a commissioner held a "readiness" hearing during which Petitioner's counsel and the prosecutor announced that they were ready for trial.  (CT 44.)  According to the minute order from that hearing, Petitioner was not present at that hearing and his counsel waived his presence.  (CT 44.)

On June 29, 2009, Petitioner appeared with counsel for trial.  He and his lawyer requested that the trial be continued so that Petitioner could hire private counsel.  (Reporter's Transcript ("RT") 2-3, 5-6.)  Petitioner explained that his brother, who lived in Minnesota, had contacted a lawyer and had discussed hiring the lawyer to represent Petitioner but had not yet hired the lawyer.  (RT 5-6.) Petitioner's counsel noted that the case was relatively new and that this was Petitioner's first request for a continuance.  (RT 3.)

The trial court denied the motion, explaining that it was not persuaded that Petitioner's brother would hire counsel.  (RT 6-7.)  It also noted that the motion was untimely, was not in writing, and did not set forth good cause.  (RT 7.)

The jury trial began that day and ended three days later, on July 2, 2009, when the jury convicted Petitioner of burglary, petty theft with priors, grand theft, and possession of ammunition by a felon. (CT 130-33, 139-40.)  The jury also determined that Petitioner had prior "strikes" under California's Three Strikes law and had served time in prison.  (CT 134-35, 140-41.)  The trial court sentenced him to 35 years to life in prison.  (CT 169-70, 173-75.)

2

Petitioner appealed to the California Court of Appeal, which affirmed the judgment. (Lodged Document Nos. 4-7.) He then filed a petition for review in the California Supreme Court, which was denied. (Lodged Document Nos. 8-9.) Thereafter, he filed habeas corpus petitions in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, which were denied. (Lodged Document Nos. 10-15.)

2.   <u>Federal Court Proceedings</u>

In May 2012, Petitioner, acting on his own behalf, filed a Petition for Writ of Habeas Corpus in this court, pursuant to 28 U.S.C. § 2254, claiming that the trial court effectively denied him the right to counsel of his choice when it denied his motion for a continuance so that he could retain private counsel. (Petition at 5-6a.)

II.

STATEMENT OF FACTS[1]

At 2:28 p.m., on May 4, 2009, West Covina Police Officer Jonathan Alexander was patrolling in his marked police car when he saw a "suspicious vehicle" parked in the driveway of his residence. The driver's side of the car was vacant, and the driver's door was open. A woman was sitting in the passenger seat. When Officer Alexander saw his personal property in the car, he radioed for backup for a suspected burglary in progress at his house.

---

[1]   The statement of facts was taken verbatim from the California Court of Appeal's opinion affirming Petitioner's conviction. (Lodgment No. 7.)

1    When backup arrived, Officer Alexander arrested the

2    woman.  He entered his house and saw that several rooms were

3    ransacked.  He also saw a black duffle bag filled with

4    thousands of dollars of his property.  Within several

5    minutes, other officers arrived.  One officer saw

6    [Petitioner] come out from the backyard carrying a black

7    duffle bag and told him to freeze.  Instead, [Petitioner]

8    fled, but was found hiding in a nearby apartment area.  He

9    gave a false name to the arresting officers.

10    [Petitioner] claimed that he had a drug problem and was

11    supposed to meet his drug supplier, Tim Murphy, at Officer

12    Alexander's house to procure drugs.  [Petitioner] said that

13    Murphy went into the house, and, when he was taking too

14    long, [Petitioner] got out of the car to look for him.

15    [Petitioner] never entered the residence or took anything.

16    He ran from the police and gave them the false name because

17    he had outstanding arrest warrants.

18  (Lodgment No. 7 at 2-3.)

19                          III.

20                    STANDARD OF REVIEW

21    In order to prevail, Petitioner has the burden of establishing

22  that the state supreme court's ruling--that the trial court's decision

23  to deny his request for a continuance did not violate his right to

24  counsel of choice--was contrary to clearly established federal law.

25  28 U.S.C. § 2254 (d).  A decision is "contrary to" clearly established

26  federal law if it applies a rule that contradicts Supreme Court case

27  law or if it reaches a conclusion different from the Supreme Court's

28  in a case that involves facts that are materially indistinguishable.

4

*Premo v. Moore*, 131 S. Ct. 733, 743 (2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).  To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable.  *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010).  Where the Supreme Court has not squarely addressed an issue, a state court's adjudication of it cannot result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.  *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Petitioner raised his claim in a petition for review in the California Supreme Court, but that court did not explain its reasons for denying it.  The appellate court, however, did in rejecting this same claim on appeal.  (Lodged Document No. 7.)  The Court presumes that the state supreme court rejected Petitioner's claim for the same reasons that the appellate court did.  The Court will not disturb that decision unless it concludes that no "fairminded jurist" would find it to be correct.  *See Richter,* 131 S. Ct. at 786.

IV.

DISCUSSION

Petitioner claims that he was denied his right to counsel of choice when the trial court denied his motion for a continuance to allow him to hire private counsel.  (Petition at 4-5; Exh. A, Attached Brief ("Brief") at 19-28.)  For the reasons set forth below, the Court finds that the state court's decision rejecting this claim is not contrary to clearly established Supreme Court precedent.

Under the Sixth Amendment to the United States Constitution, criminal defendants have a right to retain counsel of their own

choice. *Bradley v. Henry*, 510 F.3d 1093, 1096 (9th Cir. 2007) (en banc). This right is not absolute, however, and trial judges have the power to balance a defendant's right to counsel of choice with, among other things, the demands of their calendars. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (allowing trial courts "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar" (internal citation omitted)). To establish a violation of this right, a petitioner must show that the trial court abused its discretion by making an unreasonable and arbitrary decision that placed expeditiousness over a justifiable request for a delay. *Houston v. Schomig*, 533 F.3d 1076, 1079 (9th Cir. 2008). Where, as here, a defendant requests a continuance on the day of trial to hire new counsel, has not hired counsel, yet, and appointed counsel is prepared to proceed with the trial, the Ninth Circuit has held that the trial court's refusal to grant a continuance does not violate a defendant's Sixth Amendment right to counsel of choice. *See Miller v. Blacketter*, 525 F.3d 890, 896-98 (9th Cir. 2008).

The trial court denied Petitioner's request to continue the trial to allow him to hire private counsel because he had waited until the day of trial to make his request and had not yet hired private counsel. (RT 6-7.) The court also noted that the motion was oral, not in writing, as required by court rules, and was not supported by good cause. (RT 7.) Further, as evidenced by defense counsel's representation four days earlier that he was ready for trial as well as his performance at trial, appointed counsel was obviously ready to proceed.

6

1    There is no Supreme Court precedent holding that, in the context
2 of the trial court's decision to deny Petitioner's motion for a
3 continuance in this case, Petitioner's right to counsel of choice was
4 violated.   In fact, Petitioner has not cited any federal cases holding
5 that a trial court's failure to grant a continuance under these
6 circumstances was unconstitutional.   And the Court has not found any
7 such cases on its own.   Absent such a decision, Petitioner cannot
8 prevail in this court.   *Premo,* 131 S. Ct. at 743.

9    Petitioner cites a series of state cases that speak in
10 generalities about affording a defendant the right to choose counsel.
11 Some of these cases rely on United States Supreme Court cases to
12 support their holdings.   But the state cases are not controlling here
13 and the Supreme Court cases they rely on are not on point.

14    In the end, the Court does not see this as a case involving the
15 Sixth Amendment or the federal cases that have interpreted it.
16 Rather, what comes through in Petitioner's briefs is the fact that he
17 believes that the trial court abused its discretion in not granting
18 his motion to continue the trial to retain new counsel.   Though the
19 Court sympathizes with Petitioner's plight and recognizes that this
20 was a very serious case (ultimately resulting in a 35-years to life
21 sentence) and that the motion was Petitioner's first in a case that
22 had moved along relatively quickly, this Court is not empowered (or
23 inclined) to review state trial court decisions for abuse of
24 discretion.   For these reasons, Petitioner is not entitled to relief.

25                                III

26                            CONCLUSION

27    For the reasons set forth above, the Petition is denied and the
28 action is dismissed with prejudice.   Further, the Court concludes that

7

a Certificate of Appealability is not warranted in this case because the issue raised here is not fairly debatable.  *See* Federal Rules Governing Section 2254 Cases, Rule 11 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

IT IS SO ORDERED.

DATED: January 2, 2013.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE